FILED

SEP     2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 2:07-CR-212-MEF |
| v. ) | [18 U.S.C. § 371; |
| ) | 18 U.S.C. § 641; |
| CATORIE VERKESHA ANDERSON ) | 18 U.S.C. § 2] |
| a/k/a Catoria V. Anderson ) | |
| TERRANCE M. KIRKSEY ) | |
| SHANTEL MONIQUE ROBINSON ) | |
| a/k/a Shantel T. Robinson ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## INTRODUCTION

1. At all times relevant to this Indictment, the defendants, **CATORIE VERKESHA ANDERSON a/k/a Catoria V. Anderson, TERRANCE M. KIRKSEY, and SHANTEL MONIQUE ROBINSON a/k/a Shantel T. Robinson,** resided in the Middle District of Alabama.

2. On or about September 16, 2005, Anderson caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that Anderson had suffered losses to a mobile home she rented as her primary residence in Biloxi, Mississippi. In fact, Anderson did not reside in Biloxi, did not rent a mobile home there, and did not suffer the losses claimed.

3. On or about September 20, 2005, Kirksey caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that Kirksey had suffered losses to a mobile home he rented as his primary residence in Biloxi, Mississippi. In fact, Kirksey did not reside in Biloxi, did not rent a mobile home there, and did not suffer the losses claimed.

4. On or about September 30, 2005, Robinson caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that Robinson had suffered losses to a mobile home she rented as her primary residence in Biloxi, Mississippi. In fact, Robinson did not reside in Biloxi, did not rent a mobile home there, and did not suffer the losses claimed.

5. FEMA accepted the applications filed by Anderson, Kirksey, and Robinson and caused a United States Treasury check to be mailed to each of them. A check for $2,000.00 was mailed to Anderson to an address in Hope Hull, Alabama; a check for $2,000.00 was mailed to Kirksey to an address in Prattville, Alabama; and a check for $2,358.00 was mailed to Robinson to an address in Montgomery, Alabama. Anderson, Kirksey, and Robinson all received their checks and then cashed them in Montgomery, Alabama.

## COUNT 1 – CONSPIRACY

## THE CONSPIRACY AND ITS OBJECTS

6. From on or about September 16, 2005, through on or about October 18, 2005, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, the defendants,

**CATORIE VERKESHA ANDERSON**
a/k/a Catoria V. Anderson and
**TERRANCE M. KIRKSEY** and
**SHANTEL MONIQUE ROBINSON**
a/k/a Shantel T. Robinson,

did combine, conspire, confederate, and agree among themselves and each other to embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

## MANNER AND MEANS OF THE CONSPIRACY

7. It was part of the conspiracy that Robinson, Anderson and Kirksey agreed to create a scheme to receive and cash Hurricane Katrina disaster checks.

## OVERT ACTS

8. In order to effect the object of the conspiracy, Anderson, did a number of overt acts, including:

    (a) in September 2005, obtaining addresses in Biloxi, Mississippi, to use for filing applications for benefits with FEMA;

    (b)    in September 2005, filing an application for benefits with FEMA for herself and for Kirksey;

    (c)    in September and October 2005, taking Kirksey and Robinson to a check cashing business to cash the checks; and

    (d)    in September 2005, cashing a disaster assistance check.

9. In order to effect the object of the conspiracy, Kirksey, did a number of overt acts, including:

    (a)    in September 2005, cashing a disaster assistance check.

10. In order to effect the object of the conspiracy, Robinson did a number of overt acts, including:

    (a)    in September 2005, filing an application for benefits with FEMA; and

    (b)    in October 2005, cashing a disaster assistance check.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-4 – THEFT OF GOVERNMENT PROPERTY

11. The allegations set forth in paragraphs 1 through 10 of Count 1 of this Indictment are hereby realleged as if set forth herein.

12. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**CATORIE VERKESHA ANDERSON**
a/k/a Catoria V. Anderson and
**TERRANCE M. KIRKSEY and**
**SHANTEL MONIQUE ROBINSON**
a/k/a Shantel T. Robinson,

did, while aiding and abetting and while being aided and abetted by each other, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
| --- | --- | --- |
| 2 | September 19, 2005 | FEMA disaster assistance funds in the amount of $2,000.00. |
| 3 | September 23, 2005 | FEMA disaster assistance funds in the amount of $2,000.00. |
| 4 | October 18, 2005 | FEMA disaster assistance funds in the amount of $2,358.00. |

All in violation of Title 18, United States Code, Sections 641 and 2.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Matthew W. Shepherd
Assistant United States Attorney