IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-212-MEF |
| | ) | |
| SHANTEL MONIQUE ROBINSON | ) | |
| a/k/a Shantel T. Robinson | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:           VIRGINIA LUCCI

ASSISTANT U.S. ATTORNEY:   MATTHEW W. SHEPHERD

**COUNT AND STATUTE CHARGED:**

Count 1         18 U.S.C. § 371

Counts 2-4      18 U.S.C. § 641 and 2

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1         18 U.S.C. § 371

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1         <u>18 U.S.C. § 371</u>
                NMT 5Y or
                NMT $250,000 fine, or both;
                NMT 3Y SUP REL;
                $100 AF;
                VWPA.

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 371</u>

1. That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

2. That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

3. That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

4. That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

*****************************************************************

Matthew W. Shepherd, Assistant United States Attorney and Virginia Lucci, attorney for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for

the Government will do the following:

    a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b. The Government and the defendant agree to a sentence in accordance with the following terms:

        1.) if the Guideline Range as calculated by the Court is determined to be in Zone A, then a sentence of three years probation; or

        2.) if the Guideline Range as calculated by the Court is determined to be in Zone B, then a

sentence of three years probation, including home detention for a period equal to the bottom end of the applicable Guidelines range.

3.) if the Guideline Range as calculated by the Court is determined to be in Zone C, then a split sentence in which the total term of custody is equal to the bottom of the applicable Guideline Range as calculated by the Probation Officer.

2. The United States agrees to dismiss Counts 2 through 4 against the defendant at sentencing upon acceptance by the Court of the plea agreement.

3. The government agrees, with the defendant, that the defendant will pay restitution in the amount calculated by the United States Probation Office.

4. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

### DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

    a.   To plead guilty to Count 1 of the Indictment.

    b.   To not commit any State, local or federal offenses.

    c.   The defendant agrees to the sentence set forth in

       paragraph 1(b) of the Government's Provisions and agrees that it is a reasonable sentence.

    d.    To pay restitution in the amount calculated by the United States Probation Office.

### FACTUAL BASIS

6. From on or about September 16, 2005, through on or about October 18, 2005, in the Middle District of Alabama, and elsewhere, the defendants, Catorie Verkesha Anderson, a/k/a Catoria V. Anderson; Terrance M. Kirksey; and Shantel Monique Robinson, a/k/a Shantel T. Robinson, did combine, conspire, confederate, and agree among themselves and each other to embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

7. It was part of the conspiracy that Robinson, Anderson and Kirksey agreed to create a scheme to receive and cash Hurricane Katrina disaster checks issued by the Federal Emergency Management Administration ("FEMA"), an agency of the United States, even though none of them had suffered any losses or damage as a result of Hurricane Katrina, and none of them were entitled to any Hurricane Katrina disaster relief benefits.

5

8. In order to effect the object of the conspiracy, Robinson did a number of overt acts, including:

    (a)   in September 2005, filing an application for benefits with FEMA; and

    (b)   in October 2005, cashing a disaster assistance check in the amount of $2,358.00.

9. All in violation of Title 18, United States Code, Section 371.

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

10. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.
The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

11. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a

right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on

the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

      h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

      j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant.  However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the

statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  12.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such

questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

13. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

14. The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This 16TH day of November, 2007.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Louis V. Franklin
Louis V. Franklin, Sr.
Criminal Chief


/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant United States Attorney
PO Box 197
Montgomery, Alabama 36101-0197

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, VIRGINIA LUCCI.

_____
SHANTEL MONIQUE ROBINSON
DEFENDANT

11-16-07
_____
Date

_____
VIRGINIA LUCCI
Attorney for the Defendant

11-16-07
_____
Date